JACOB WESTBROOK, BY NEXT FRIEND, *v.* THE MOBILE & OHIO RAILROAD CO.

1. CONTRIBUTORY NEGLIGENCE. *Infant of tender years presumably not capable thereof.*

   An infant four or five years old, in an action brought in his own behalf, is not, as a matter of law, to be charged with contributory negligence because of failure to exercise reasonable care to avoid injury.

2. SAME. *Presumption as to negligence. Exceptional capacity. Pleading. Question for jury.*

   A child of such age is *prima facie* exempt from responsibility; but, if he is of exceptional maturity or capacity, this fact must be properly pleaded in order to charge him with contributory negligence, and then testimony is admissible to show his ability for taking care of himself, and the question of his capacity is one of fact for the jury, and not one of law for the court to decide.

3. IMPUTED NEGLIGENCE. *Infant not barred by parent's want of care.*

   It is the duty of a parent to protect his child of tender years. Failure to discharge this duty is negligence, and if this negligence contributes directly or essentially to the child being injured (except in cases of wanton, willful, or reckless wrong) it is a bar to an action by the parent in his own behalf for the injury. But where the action is brought by the child or for his benefit, the negligence or misconduct of the parent or custodian of the child is not imputed to the child and is no defense.

4. NEGLECT OF PARENT. *No excuse for injury to infant.*

   Infants have legal rights distinct from their parents, among which is the right to security from personal injuries occasioned by the negligence or willful wrong of others. Negligence or dereliction of the parent or custodian of children is no justification for others to injure them.

FROM the circuit court of Clay county.

HON. LOCK E. HOUSTON, Judge.

This is an appeal from a judgment sustaining a demurrer to the declaration of appellant, who was plaintiff in the court below. The action was for damages against the railroad company for personal injuries to the plaintiff. Several pleas were filed, to which a demurrer was interposed. The demurrer was extended to the declaration, and sustained, and the case dismissed.

The plaintiff, a child four or five years old, was struck and injured by a train while crossing the track of defendant. This was at the crossing of a well-known roadway, but not a public road. As to the point involved in the demurrer, the declaration alleges, "that the engineer of said train saw plaintiff when four or five hundred feet from him, and could have stopped the said train, after seeing said minor in the act of crossing said road, before said train reached him, if said engineer had been diligent in the discharge of his duty. But he did not stop said train, nor did he slacken or attempt to slacken the speed thereof before striking the said minor as aforesaid, and after knocking off the track said plaintiff and injuring him as aforesaid, said servants did not stop said train to look after the comfort of said plaintiff," and, that the engineer, seeing the child on the track, "without blowing the whistle, ringing the bell, or giving any signal of warning whatever, negligently, wantonly, and recklessly ran said train and locomotive upon and against said minor ;" that plaintiff "never saw nor heard said train, and never knew it was anywhere near him or in reach of him." The declaration also alleged that the plaintiff resided with his father about one hundred and eighty feet from the railroad track ; that plaintiff and an older brother about eight years of age were driving some cattle across the track to the range for their father, as they were accustomed to do ; that the elder brother had passed over, driving some of the cattle, and plaintiff was behind driving the other cattle, and had gotten on the track at the crossing, when the north bound passenger train was then four or five hundred feet to the south, running rapidly, and that it came upon the plaintiff, causing the injury. The declaration further

66 MISS.—36.

alleges " that if the engineer had given plaintiff any warning by the bell or the whistle he would not have been injured."

With the general issue, the defendant filed the following special pleas :

2. " And for a further plea the defendant says *actio non*, because it says that the injuries complained of by the plaintiff were the direct result of his own contributory negligence, and not of the negligence of the defendant, etc."

3. " And for a further plea the defendant says *actio non*, because it says that the injuries complained of were the direct result of the negligence of the parents and the next friend of plaintiff and said elder brother, who then and there had the care, custody, and control of him, in allowing and directing him, at the tender age set out in said declaration, to go upon said railroad track at the time when said train usually passed that point."

The demurrer of plaintiff to these pleas being extended back to the declaration and sustained, leave was given to amend the declaration, which leave the plaintiff declined, and judgment was entered dismissing the case, from which this appeal was prosecuted.

*Frank A. Critz,* for appellant.

1. The demurrer being extended back, is to be considered a general demurrer to the declaration. In such case it will not be sustained, unless the declaration is so defective that judgment cannot be given for plaintiff upon it.   45 Miss. 347 ; 51 Ib. 501 ; 56 Ib. 346.

2. The fact that the engineer saw the child on the track in time to have prevented the accident, makes the defendant liable in any view of the case.   In the *Jamison* case this court said : " *However negligently the children may have acted in getting on the track,* the defendant was liable if its servants, knowing their position, failed to exercise due care in preventing the accident." *Jamison* v. R. R. Co.*, 63 Miss. 33.   See also *Pratt Co.* v. *Brawley,* 83 Ala. 374 ; 14 Am. & Eng. Ry. Cas. 65.   Opposite counsel concede this, and say the principle applies alike to children and adults.   This is a concession of the whole case.

In case of an adult on the track, the engineer may assume that

he will use his senses and get out of the way ; but not so with a little child.   In this case if one of the cows the child was driving had been killed, without warning or effort to stop the train, the company would have been liable.   On this point see *Mackey* v. *Vicksburg,* 64 Miss. 783.

Here the child was not a trespasser ; being on the crossing, the obligation of the defendant was to give warning.   It may be that a signal or warning would have been unheeded by the child, but this is conjecture ; if after the exercise of due care the injury had occurred, then only would the defendant have been absolved.   *R. R. Co.* v. *Layer,* 112 Pa. St. 418 ; *Barry* v. *R. R. Co.,* 92 N. Y. 289 ; 41 Ib. 52 ; 81 Pa. St. 375.

Equally with a traveler, it is the duty of those in charge of trains to keep a sharp look-out at crossings.   *Princeton* v. *Ry. Co.* (Me.), 7 Atlantic Rep. 707 ; *Ry. Co.* v. *Owings* (Md.), 5 Ib. 329.

The law does not require the same degree of care in a child of tender years as in case of an adult.   84 Ill. 485 ; 67 N. Y. 421 ; 38 Ib. 448 ; 4 Am. & Eng. Ry. Cas. 611 ; s. c. 36 Ark. 41 ; *Frazier* v. *R. R. Co.,* 81 Ala. 185 ; Sherman & Redlf. on Neg., § 51.

3. A child four or five years old cannot be guilty of contributory negligence.   4 Am. & Eng. Ry. Cas., p. 559, note ; 84 Ill. 485 ; 58 Ib. 226 ; 54 Ib. 484 ; 53 Ala. 70 ; 67 Ib. 6 ; 83 Ib. 374 ; 112 Pa. 418.

Unusual precocity must be pleaded if defendant relies on this to charge a child of tender years with contributory negligence.   *Prima facie* such child is incapable.   *Pratt Co.* v. *Brawley,* 83 Ala. 374 ; *Mackey* v. *Vicksburg,* 64 Miss. 783.   For these reasons the demurrer to the second plea should have been sustained.

4. The third plea seeks to impute contributory negligence of parents to the child.   It presents no defense, and the demurrer to it should have been sustained.   If the action is brought for the benefit of the *parent,* his contributory negligence will defeat a recovery.   But if the action is for the benefit of the child, the contributory negligence of the parent is no defense.   The failure to observe this distinction has occasioned confusion in some of the

authorities. Sher. & R. on Neg., §§ 70, 78 ; 113 Pa. 412 ; 53 Ala.
70 ; 67 Ib. 6 ; 83 Ib. 371 ; 18 Ohio St. 309 ; 24 Ib. 670 ; 16
Neb. 139 ; 1 Head. (Tenn.) 623 ; 27 Grat. 476 ; 26 Conn. 591 ;
60 Texas 206 ; 22 Vt. 213 ; Beach on Con. Neg., §§ 42, 45.

5. In any view of the case, the demurrer should not be extended
to the declaration. Even if the second and third pleas are good,
the question of contributory negligence is one of *fact* to be sub-
mitted to the jury. *Hickman* v. *Ry. Co., ante,* 154 ; 18 Ill. 349 ; 48
Ib. 221 ; 58 Ib. 226 ; 65 Pa. 269 ; 75 Ib. 257 ; 45 Mo. 70 ; 41
Iowa 71 ; 40 Cal. 188, 447 ; Beach on Con. Neg., § 458, and
authorities cited ; 26 N. Y. 49 ; 104 Mass. 53 ; 100 Ib. 512 ; 22
Vt. 213 ; 72 Pa. 169.

6. Admitting the second and third pleas to be good on their
face, as a matter of fact it was not negligence *per se* to permit the
child to drive the cattle, in company with his brother, eight years
old, as shown in the declaration. 45 Mo. 70 ; 36 Ib. 484 ; 47 N. Y.
317 ; 100 Mass. 512 ; 27 Mich. 503 ; 84 Ill. 483 ; *McMahon*
v. *R. R. Co.,* 39 Md. 438.

7. It was gross negligence for the defendant to leave the child
uncared for and without attention after being so seriously injured.
*Schinier* v. *R. R. Co.,* 14 Am. & Eng. Ry. Cas. 656.

With all deference for the learned judge below, we think he
misconceived the questions of law and fact involved in the
case.

*F. A. Critz* made an oral argument.

*Barry & Beckett* and *E. L. Russell,* for appellee.

1. The demurrer was properly sustained to the declaration. The
words " negligently, wantonly, and recklessly " in the decla-
ration are strong sounding, yet they are the ordinary terms for a
simple negligent act, and do not import a willful or intentional act.
*Ry. Co.* v. *Ader,* 110 Ind. 376. It is clear, however, that the
allegations make a case of negligence against the defendant, but we
think it equally clear that they make it a case of contributory neg-
ligence, both on the part of the parents and older brother, and the
plaintiff.

It is alleged that the child went on the track at the crossing, and

that the train was only four or five hundred feet away, running, and that he did not *see it nor hear it,* but that the *engineer saw him.* This is equivalent to the assertion that he could have seen and heard it if he had looked and listened, and it was his duty to do both. *R. R. Co.* v. *Mitchell,* 52 Miss. 808 ; *R. R. Co.* v. *McGowan,* 62 Ib. 694. The authorities on this point are collected in the note to *Schilling* v. *Ry. Co.,* 37 N. W. Rep. 416. See also *Schofield Ry. Co.,* 114 U. S. 615. Such a declaration as this is demurrable, though it be alleged that there was no contributory negligence. *Goldstein* v. *Ry. Co.* (Wis.), 1 N. W. 37 ; *Delany* v. *Ry. Co.,* 33 Wis. 67 ; *Haas* v. *Ry. Co.,* 41 Ib. 54.

The parents and custodians of the plaintiff were guilty of contributory negligence. It was inexcusable negligence to send these young children habitually across a railway track. If the older brother had arrived at the years of discretion, then he was guilty of great negligence in not warning his brother of the approach of the train. It is not alleged that this older brother did not see the train, or that he looked and listened, as was his duty.

2. Can an infant four or five years old be guilty of contributory negligence ? Can the negligence of the parent be imputed to the child ?

Plaintiff relies upon *Jamison* v. *R. R. Co.,* 63 Miss. 33, and *Mackey* v. *Vicksburg,* 64 Ib. 777. In the first mentioned case, it does not appear that the child was on the track by procurement of its parents. Nor is there any contest as to the age and discretion of the child. If an engineer sees even a grown person on the track, " *all unconscious of his danger,*" as in that case, and runs over him, it is a graver case than negligence.

It must be alleged, then, that the act was " willfully and purposely done." *Ry. Co.* v. *Ader,* 110 Ind. 376.

Our courts have not adopted the hybrid doctrine of *comparative negligence,* which renders the law always uncertain in its application. *R. R. Co.* v. *McGowan,* 62 Miss. 694.

In the case of *Mackey* v. *Vicksburg,* there was no question of the contributory negligence of the parent. On the contrary, it appears that the child escaped from home through an opening made by de-

fendant. It is true the court says in that case that it cannot be inferred as a matter of law on demurrer, that a child six years old could be guilty of contributory negligence. But it is also said that precocity of judgment may be shown as a fact. Whatever may be shown as matter of fact by the evidence, may be shown as a fact in the declaration. Here the child was regarded as having sufficient precocity of judgment to take care of himself, and was accustomed to drive cattle across the track and down in the range. All this is shown by the declaration ; and it is further alleged that plaintiff would not have been injured if the engineer had given warning. So the gravaman of the complaint as to this point is, not that the plaintiff was lacking in discretion, but that he was wanting in attention. It affirmatively shows negligence on one side, and contributory negligence on the other.

But, if we are mistaken in the view that the declaration shows precocity of judgment and negligence in the minor, certain it is that the parents were guilty of negligence in sending the child into known places of danger. The authorities are agreed that such negligence bars an action by the parent.

Whether the infant is barred by the negligence of the parent, has not been decided in this state. A majority in number of the authorities hold that the negligence of the parent is not imputed to the child in such case ; but the reason and weight of authority is the other way. See *Kunz* v. *Troy*, (N. Y.) 10 N. E. Rep. 442 ; *Slater* v. *Ry. Co.*, 71 Iowa 209 ; *Gulline* v. *Lowell*, 114 Mass. 491 ; *Fitzgerald* v. *Ry. Co.*, 29 Minn. 336 ; *Brown* v. *Ry. Co.* 58 Maine 384 ; *Ry. Co.* v. *Hoffman*, 28 Ind. 287 ; *Ry. Co.* v. *Grabel*, 88 Ill. 441 ; *Meeks* v. *Ry. Co.*, 52 Cal. 602 ; 21 Wend. N. Y. 615 ; 38 N. Y. 45 ; 4 Allen 283 ; 9 Ib. 401 ; 8 Gray 123 ; 49 N. Y. 255 ; 47 Ib. 323 ; 104 Mass. 52 ; 135 Ib. 333 ; 27 Ind. 513 ; 46 Ib. 25 ; *Bliss* v. *Hadley* (Mass.) 13 N. E. Rep. 352.

By the English authorities also, negligence of the parent is imputed to the child. *Waite* v. *Ry. Co.*, 96 Eng. Com. Law (El. Bl. & Ellis) 719 ; *Hughes* v. *Macfie*, 2 H. & C. 714.

To permit a recovery by the minor would in this state, in most cases, be an evasion of the rule that the parent cannot recover, for

where death ensues, the action survives to the administrator.  Code 1880, §§ 2078, 2079.

In case of a child, the damages go to the father.  Ib., § 1510. Under the general law of descents if the child has no brothers or sisters, all the property goes to the parents.  And if the child should not die, the parents would enjoy the use of the sum recovered.  So, in any event, to permit the child to recover where the parent has been negligent, would be an incentive to wicked parents to expose their children to dangers.

It is better for society and better for parent and child to impute the negligence of the parent in all cases of injury to the child.

3. But if the demurrer should be held not applicable to the declaration, it should be overruled as to the second and third pleas. They put directly in issue the negligence of the plaintiff and that of the parents.

Infants five and six years old have frequently been held guilty of contributory negligence as a matter of fact.  *Mackey* v. *Vicksburg,* 64 Miss. 777 ; *McMahon* v. *Ry. Co.,* 39 Md. 438 ; *Ry. Co.* v. *Schwindling,* 101 Pa. 258 ; *Tighe* v. *Lowell,* 119 Mass. 472 ; *Blodgett* v. *Boston,* 8 Allen 237 ; *Stinson* v. *Gardner,* 42 Me. 248. But we think the judgment sustaining the demurrer to the declaration was proper and should be affirmed.

ARNOLD, C. J., delivered the opinion of the court.

We are unable to subscribe to the doctrine that a minor four or five years of age, shall, as matter of law, be charged with contributory negligence, and barred from recovery in an action brought by him or in his behalf for an injury inflicted upon him by another, because he did not exercise reasonable care to avoid the injury.  A child of such age, is generally incapable of choosing between right and wrong—between good and evil—and between care and rashness.  From him duties to others are not exacted, but from others to him duties are recognized and enforced.

At common law, a child under seven years of age is conclusively presumed to be without discretion and incapable of committing crime.  And between seven and fourteen years of age, he is also

*prima facie* incapable of exercising judgment and discretion, but evidence is received to rebut the presumption of incapacity. 1 Bish. Cr. L., § 368 ; 1 Whart. Cr. L., § 58.

The rule which exempts a child of tender years from responsibility, while it may not operate justly in every possible case, on the whole, promotes the end of justice, and we follow the authorities which hold that a child of the age of appellant is *prima facie* exempt from responsibility, but that testimony is admissible to show the contrary, and that the question of capacity in such case, is one of fact for the jury, and not one of law to be determined by the court. *R. R. Co.* v. *Gladman,* 15 Wall. 401 ; *R. R. Co.* v. *Stout,* 17 Ib. 657 ; 1 Thompson on Negligence 452, note 6 ; 2 Ib. 1182.

If appellant was of exceptional maturity and capacity for one of his age, or capable of taking care of himself under the circumstances, these facts should have been pleaded, or notice given of them under the general issue according to the statute. As the second plea fell short of this requirement, the demurrer to it should have been sustained.

The third plea constituted no defense to the action. When an action for the negligent injury of an infant is brought by the parent for the parent's own benefit it may justly be held that the contributory negligence of such parent in exposing or permitting his child to be exposed to danger may be shown in bar of the action, except when the injury to the child was committed wantonly, willfully, or recklessly.

It is the duty of the parent to guard and protect his infant child from danger, and this duty is more imperative in proportion to the weakness and incapacity of the child. Failure of the parent to discharge such duty is negligence, and if such negligence contributes directly or essentially to the child being injured, the parent is a concurrent wrong-doer with the party inflicting the injury, and his own negligence, with the exception above stated, would be a bar to his own suit. Beach on Con. Neg., § 44, and authorities there cited ; *Pratt Coal and Iron Co.* v. *Brawley,* 83 Ala. 371.

But when the action is brought, as in the case at bar, by the in-

fant, or for his benefit, the better rule is that the negligence or misconduct of the parent or custodian of the child shall not be imputed to the child. Beach on Con. Neg., § 43, and authorities there cited. To charge the child with the negligence of the parent or custodian in such case, would be, as said by the supreme court of New York, in *Lannen* v. *Albany Gas Light Co.*, 46 Barb. 264, to visit " the sins of the fathers upon the children, to an extent not contemplated by the decalogue, or in the more imperfect digests of human law."

Infants have legal rights distinct from their parents which are carefully protected by law, and among these, is the right to security from personal injuries occasioned by the negligence or willful wrong of others. Indeed, it seems that the negligence or dereliction of the parents or custodians of children, instead of being a justification for others to abuse or misuse the children, should have a contrary effect, both in law and morals.

It was well said by the supreme court of Alabama, in *R. R. Co.* v. *Hanlon*, 55 Ala. 70, " We know of no principle of law, which will justify the denial of a child's legal rights, because of the failure of the parent to extend to him the protection demanded by law. When the parent fails in this duty, there would seem to be greater reasons for extending to the child a higher degree of civil protection. If a child should be abandoned by his parents, and thrown out as a mere waif on society, it is not possible, it seems to us, that one who negligently inflicts an injury on it, can be heard to invoke the parent's crime to shield him from liability for such wrong. It seems repulsive to our sense of justice, that, because the parent is negligent of the child, others may with impunity be equally negligent of its helplessness and equally indifferent to its necessities. The law may not compel active charity for the relief of the child, but it does shield him from positive wrong and injury."

The declaration was not demurrable. The demurrer should not have been extended back to the declaration.

*The judgment is reversed, the demurrer to the second and third pleas is sustained, and the cause remanded.*