Filed Nov. 27, 1894.

---

No. 16,594.

## The Lebanon Light, Heat and Power Company et al. *v.* Griffin.

CONTRIBUTORY NEGLIGENCE.—*Boy Twelve Years of Age.—When Tenderness of Years and Incapacity are not in Issue.—Complaint.—Theory of.—* A boy twelve years of age may, through tenderness of years and want of capacity, be tempted by treacherous objects thrust in his way by the carelessness of others, and be incapable of discerning the presence of danger such as that to which the injured party was

The Lebanon Light, Heat and Power Company *et al. v.* Griffin.

here exposed, viz., a gas pipe loose in the highway, poorly jointed and subject to a high pressure of gas, which was escaping and burning several feet high in the presence of the plaintiff. The allegations of the complaint, however, should, in such cases, be such as to make tenderness of years and want of capacity issues in the case, and these allegations should be supported by the evidence. The mere statement that plaintiff was twelve years of age is not sufficient, especially where there are allegations as to his superior intelligence and other endowments, so strongly set forth as to make the complaint substantially the same as it would be in case of an adult.

SAME.—*Instructions to Jury.—Not Relevant to Issues.—Incapacity and Tenderness of Years.*—In such case, it was error to instruct the jury, in relation to plaintiff's contributory negligence, as if the tenderness of years and the incapacity of the plaintiff were in issue, when, in fact, they were not.

From the Clinton Circuit Court.

*G. Shirts, I..A. Kilbourne, E. P. Schlater, T. J. Terhune, B. S. Higgins, T. H. Palmer* and *W. F. Palmer,* for appellants.

*P. W. Gard, J. C. Farber, T. J. Kane* and *C. W. Griffin,* for appellee.

HOWARD, J.—The facts in this case, as to the construction and maintenance of appellants, gas plant, in so far as concerns the acts of appellants themselves, are the same as in the case of *Lebanon Light, Heat and Power Co. v. Leap,* 139 Ind. 443.

The defendants in the former case were the same as in this case. One of those defendants, however, John E. Snow, who drilled the gas wells, does not appear as an appellant here, judgment having been rendered in his favor in this case.

The complaints in the two cases are substantially the same, except as to the names and ages of the appellees. The appellee, Griffin, in this case, received his injury at the same time, and by the same accident, as the appellee, Leap, in the former case.

In the Leap case, we held that the appellants were

guilty of negligence in bringing about the injuries complained of. The same holding must be made in this case.

It remains, therefore, to inquire whether the appellee in this case was himself guilty of negligence contributing to his own injury.

As bearing on this question, the following instruction given at the request of the appellee is complained of:

"9th. If you believe, from the evidence, that at the time of this accident the plaintiff was an inexperienced boy, eleven years of age, and that the defendants had shortly prior thereto negligently and carelessly constructed, or that they were at that time negligently and carelessly operating, the gas pipe lines in and along the public highways adjacent to the home of the plaintiff's father, substantially in manner and form as alleged in the complaint, and that said pipe line was then, at the point where said accident occurred, on account of said negligence and carelessness of said defendants, in an unsafe and dangerous condition, and that said dangers were open and obvious to an adult person, but not so to children of the age and experience of the plaintiff, then if you believe that the condition of said pipe lines at said point were such as to attract children of the age of plaintiff thereto, and that plaintiff, prompted by curiosity, touched, took hold of, or lifted, a neglected or exposed part of said pipe, and that such act of the plaintiff, owing to the negligence and carelessness of the defendants, was the immediate cause of the explosion, or in any manner contributed to his injuries, and that such act of the plaintiff was innocent and not incautious, such facts would not, under the circumstances indicated, constitute contributory negligence, and would not prevent or debar a recovery on the part of the plaintiff."

Other instructions of a similar character, based upon

the alleged age of the appellee, are also objected to.

In referring to appellants' objections to these instructions, counsel for appellee say: "They claim that for the reason that this innocent and inexperienced boy, between eleven and twelve years of age, prompted by curiosity, stood by and looked at the blaze, and the accident happened while he was there, made him guilty of contributory negligence.   *   *   *   Is it strange when this child saw this pipe in the public highway at a crossing, placed there by supposed skilled workmen, permitted to remain there in the condition that the evidence in this case shows for a number of days, is it not probable that he would be prompted by curiosity to look at it, and would not the fact that the pipe was permitted to remain in the place it was by the owners thereof, and by the public, have a tendency to give him assurance of safety, instead of danger, in viewing the burning gas?"

These observations of counsel, and the instructions objected to, are based upon the theory that the appellee was at the time of the accident a child of immature years, tempted by curiosity, and incapable, by reason of his tender age, of understanding the danger to which he exposed himself in standing near the burning gas, and lifting up the joint of pipe which was blown out. The instructions would have been correct as applied to such a theory.

The complaint, however, does not sustain such a theory, unless it be in the following allegations:

"That on the 20th day of September, 1890, the said gas was escaping and burning in a flame five or six feet high, and that said plaintiff was ignorant of said defective and imperfect construction aforesaid, and the plaintiff was young and inexperienced, and with but a limited knowledge, and imperfect comprehension of the dangers attending the handling, using and transporting of

natural gas, was lawfully and rightfully in said highway, at or near the point where this joint of pipe intersected with said line, and was at or near the north end of said joint of pipe, and was watching said burning gas, and may have inadvertently touched the said joint of pipe at or near the north end thereof, and without fault or want of care on his part, on account of said negligence and carelessness of said defendants, the said joint of pipe was blown out,'' etc.

We do not think these allegations sufficient to show that appellee was a child of tender years, and incapable of exercising judgment as to the danger encountered by him on the occasion when he was injured.

But the complaint also contains the following allegations:

''The plaintiff was on and prior to the 20th day of September, 1890, a strong, active, intelligent and energetic boy, twelve years of age, in good health, and full possession of all his faculties, and with good prospects for a long and successful life.''

These allegations, certainly, are consistent only with the theory that the appellee was of superior judgment and discretion, and quite capable of taking care of himself in the presence of such danger as threatened him at the time of his injury.

That a boy twelve years of age may, in fact, through tenderness of years and want of capacity, be tempted by treacherous objects thrust in his way by the carelessness of others, and be incapable of discerning the presence of danger such as that to which appellee was here exposed, we may well believe. *Tucker* v. *New York, etc., R. R. Co.,* 124 N. Y. 308; *Westbrook* v. *Mobile, etc., R. R. Co.,* 66 Miss. 560, and note to latter case in 14 Am. St. Rep. 590.

The allegations of the complaint, however, should in

such cases be such as to make tenderness of years and want of capacity issues in the case; and these allegations should be supported by the evidence. The mere statement that appellee was twelve years of age is not sufficient, especially when the allegations as to his superior intelligence and other endowments are so strongly set forth as to make the complaint substantially the same as it would be in the case of an adult.

We think, therefore, that the instruction above set out, and other instructions of like import, based upon the theory of appellee's tender years and immaturity of intellect, however correct in a proper case, are not applicable to the theory of the complaint or to the evidence adduced in this case.

Other interesting questions are discussed by counsel, but we do not think that they will arise on another trial of the case.

The judgment is reversed, with instructions to grant a new trial and with leave to amend the pleadings.

Filed Nov. 27, 1894.