KRATZER v. VILLAGE OF SARATOGA SPRINGS.

(Supreme Court, Appellate Division, Third Department. July 7, 1896.)

TRESPASS—PLEADING.
A complaint alleged that defendant quarried stone from its premises adjoining plaintiff's dwelling house, using powerful explosives in a careless and negligent manner, and carelessly and negligently blasted rock

on the premises, making deafening reports, and shaking plaintiff's dwelling house, and terrifying plaintiff's family; that rocks were thrown on plaintiff's lot so that he could not cultivate it or inhabit his house without continual danger; and that rocks thrown by blasts broke the roof and windows of plaintiff's house, and injured one of plaintiff's family. *Held*, that the complaint stated a cause of action for trespass. Herrick, J., dissenting.

Appeal from circuit court, Saratoga county.

Action by Jacob Kratzer against the village of Saratoga Springs for injuries to plaintiff's property alleged to have been caused by negligent blasting on premises owned by defendant. The complaint was dismissed, and plaintiff appeals. Reversed.

The complaint alleged, on information and belief, that defendant is a domestic corporation; that, at the several times hereinafter mentioned, plaintiff resided in, and was the owner of, a house on the northwesterly side of Maple avenue, in said village, known as "271 Maple Avenue"; that defendant has since June 1, 1892, occupied premises adjacent to the plaintiff's dwelling house, from which it has quarried large amounts of stone for use on the streets of said village, and for other municipal purposes; that defendant and its officers, agents, and servants used gunpowder, dynamite, and other explosives of high character, in a careless and negligent manner, and carelessly and negligently blasted the rock on the premises occupied by said village, at different times since said 1st day of June, 1892, and every day, during long periods of time, have discharged heavy blasts of dynamite and other explosives on said premises, which have made deafening reports, and shaken plaintiff's dwelling house and other buildings, and alarmed and terrified plaintiff and his family, and thrown rocks and stones, many of which were of great size and very heavy, over on plaintiff's premises, to such an extent that he has been unable to cultivate his premises, or to inhabit his dwelling, without continual danger and annoyance and fear, and the stones and rocks thrown by said blasts have repeatedly struck his said dwelling house and buildings; that during the summer of 1892 a rock struck the roof of his barn, and injured it, another rock struck a grapevine belonging to plaintiff, and injured it, and on July 4, 1892, a large rock broke a hole in the roof of his dwelling house, and broke glass out of the windows; that on May 16, 1893, a large rock struck the roof of the piazza of plaintiff's dwelling, and went entirely through it, breaking the shingles and roof boards, and damaging one of the posts which supported the piazza, and terrifying plaintiff's wife and children, who were in the house at the time; that on June 10, 1893, a large rock was thrown as aforesaid through one of the outside doors of plaintiff's said residence, and another rock through one of the windows, one of which said rocks struck a cupboard, and partly demolished it, and broke a pitcher, and at the same time another large rock struck plaintiff's daughter, Minnie Elizabeth Kratzer, in the right side, and inflicted a severe injury upon her, by bruising the flesh of her side, inflicting a wound upon her arm, and breaking two of her ribs, so that she was confined to her bed for two weeks, during which period she required medical attendance, which plaintiff was compelled to furnish to her, and so that she has not since been able to render the services in and about plaintiff's household which she had been previously accustomed to render, and has ever since been, and now is, in consequence of such injury, often in pain, and without her accustomed strength and ability to labor. The complaint further alleged that in consequence of said wrongful and negligent acts of defendant, its officers, agents, and servants, plaintiff's dwelling has been less valuable for occupancy as a residence since June 1, 1892, and the occupation thereof has been attended with great hazard and discomfort, and that plaintiff has sustained damages in consequence of the matters herein mentioned to the amount of $1,000. The complaint further alleged that plaintiff's claim for damages had been presented, and notice of the time and place at which said injuries were received had been filed with the village clerk of defendant, and that said claim was so presented and said notice was so filed within one year after

the cause of action herein set forth accrued. Judgment was demanded against defendant for $1,000 and costs.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

C. S. & C. C. Lester, for appellant.

A. W. Shepherd, for respondent.

MERWIN, J. I am inclined to the opinion that in the complaint, disregarding the allegations of negligence, a cause of action in the nature of a trespass is stated, and that the plaintiff should have been permitted to give his evidence on that subject. The acts of the defendant are charged as wrongful. There was alleged a physical invasion of plaintiff's premises. The case of Hay v. Cohoes Co., 2 N. Y. 159, is recognized as good authority in St. Peter v. Denison, 58 N. Y. 416, 421; Benner v. Dredging Co., 134 N. Y. 156, 162, 31 N. E. 328; Booth v. Railroad Co., 140 N. Y. 267, 278, 35 N. E. 592. I therefore advise a reversal.

Judgment reversed, and new trial granted; costs to abide the event.

PARKER, P. J., and LANDON, J., concur.

HERRICK, J. (dissenting). The complaint, in form, is one for negligence. But the plaintiff asserts that the allegations of negligence are unnecessary and harmless, and without them the facts set forth constitute an action for trespass upon real estate, and that, therefore, it is unnecessary for him to allege the facts required by section 82 of chapter 289 of the Laws of 1890. As a general rule, a party coming into court and asserting one cause of action cannot recover upon another and different one. Reed v. McConnell, 133 N. Y. 425, 434, 31 N. E. 22. But assuming that, in the furtherance of justice, a complaint may be stripped of some of the allegations which render it a complaint in one form of action, and thereby leave it a sufficient complaint under another form of action, I doubt even then whether this plaintiff can sustain his complaint. It may be that under the cases of Hay v. Cohoes Co., 2 N. Y. 159, and Tremain v. Cohoes Co., Id. 163, the plaintiff is entitled to recover upon merely showing that quarrying has been carried on by means of blasting, and thereby stones have been thrown upon his premises, although I think the later cases of Booth v. Railroad Co., 140 N. Y. 267, 35 N. E. 592, and French v. Vix, 143 N. Y. 90, 37 N. E. 612, cast some doubt upon that question. But in this case we cannot assume from the complaint such a state of facts as warranted a recovery in the Cases of Hay and Tremain. While we may disregard the allegations of carelessness and negligence in the complaint, in so far as they are supposed to render the action one for negligence, yet the language still remains to characterize the transactions complained of. Quarrying, per se, is not a nuisance. In the complaint it is charged that gunpowder, dynamite, and other explosives of a high character, were employed by the defendant, its

officers, agents, and servants, in a careless and negligent manner, and that they carelessly and negligently blasted the rock on the premises occupied by said village. So that we may infer from the language of the complaint that the injuries would not have happened if the explosives had not been carelessly and negligently used, or the blasting carelessly and negligently done, rather than that the injuries would have resulted from the quarrying, from the nature of the business itself. And, again, it is alleged in the complaint that the dwelling and property of the plaintiff have been injured and rendered less valuable in consequence of the wrongful and negligent acts of the defendant, its officers, agents, and servants. Whether we consider the action as one of negligence, of nuisance, or of trespass to real estate, the fact remains that the plaintiff alleges that the injuries complained of have been caused by the negligence of the defendant, its officers, agents, and servants. The section of the law referred to does not require the notice to be given merely in an action of negligence, but where the injury done to person or property is "alleged to have been sustained by reason of the negligence of the village or of any officer, agent or employé." Laws 1890, c. 289, § 82. The plaintiff, in his complaint, alleges that the injuries sustained were by reason of the negligence of the village, its officers, agents, and servants; so that he is brought distinctly within the provision of the law requiring notice. Judgment should therefore be affirmed, with costs.

PUTNAM, J., concurs.