## Allegheny Coke Company v. Massey, By et al.

(Decided March 26, 1915.)

### Appeal from Pike Circuit Court.

1. Negligence—Blasting—Trespass—Personal Injury.—Instructions. —Where a coke company is engaged in blasting in close proximity to certain houses owned by it but known to be occupied by its employes and their families, and a stone is cast by a blast a distance of 109 yards through the window of one of the houses and injures a four-year-old child, the act is a trespass and a nuisance and the company is liable in damages regardless of the question of negligence, and it is not error to so instruct the jury.

2. Infants—Contributory Negligence—Negligence of Parents.—An infant four years of age cannot be guilty of contributory negligence. Nor in an action for damages by such infant, suing through his father as his next friend, will the negligence of the infant's mother be attributable to the infant.

J. J. MOORE and O'REAR & WILLIAMS for appellant.

CHILDERS & CHILDERS and A. L. RATCLIFFE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Carl Massey, an infant, suing by his father and next friend, George Massey, brought this action against the Allegheny Coke Company and its foreman, John Fuller, to recover damages for personal injuries. From a verdict and judgment in plaintiff's favor against the coke company in the sum of $6,000.00 the latter appeals.

The facts are these: Defendant was preparing to erect a coal tipple at its plant in the town of Hellier, in Pike County. It became necessary to break some stone

by means of blasting. About one hundred yards from where the blasting was being carried on were three houses. These houses belonged to the company. One of them was occupied by George Massey and his family. At the time of the injury some five or six shots were fired together. All of them were "doby" shots with the exception of one, which was a seam shot. Just prior to the firing of these shots the usual warning of "Fire" was given. When this warning was given Mrs. Massey and her son, Carl Massey, a boy of four years of age, were in the yard. They immediately ran into the house. Mrs. Massey remained in the kitchen. Carl went into the front room and stood by the window looking at the blast. A small rock was thrown by one of the blasts through the window where the child was standing, a distance of 109 yards. The rock struck the child on the head, knocking out one of his eyes and disfiguring his face.

In his original petition plaintiff charged that the blasting was negligently done. In his amended petition he alleged that the blasting was being done within the corporate limits of the town of Hellier and within a very short distance of a large number of dwelling houses which were occupied by men, women and children, and that the blasting in such close proximity to the dwelling houses and the throwing of the stone into the dwelling house occupied by the plaintiff constituted a nuisance.

The court told the jury, in substance, to find for the plaintiff, if it believed that the defendants, while engaged in blasting for a tipple foundation, threw a rock into the dwelling house of George Massey and injured plaintiff.

It is a rule in this State that where the blasting operations result in a direct trespass upon the premises injured by casting soil or rocks thereon, the liability of the person causing the injury is absolute, and he must respond in damages irrespective of the question of negligence or want of skill. The reason for the rule is that unless a party can show a right, either in the nature of a presumed grant or easement, or in some other mode, to use his property in a particular way, he cannot use it in that particular way if it occasions injury to his neighbors, in the quiet enjoyment of their legal rights and privileges, and it makes no difference whether precautions are used or not to prevent the injury complained

of. The act itself is a nuisance. Langhorne v. Truman, 141 Ky., 809, 133 S. W., 1008, 34 L. R. A. (N. S.), 211; Scott v. Bay, 3 Md., 431. Indeed, the ancient rule of the common law, that he who throws substances on the land of another is liable in damages, is generally sustained in cases where, by blasting, rocks, earth, or other substances are cast upon the land or buildings of another. Bessemer Coal, Iron & Land Co. v. Doak, 152 Ala., 166, 12 L. R. A (N. S.), 389, 44 So., 627; Georgetown, B. & L. R. Co. v. Eagles, 9 Colo., 544, 13 Pac., 696; Langhorn v. Wilson, 28 Ky. L. Rep., 1181, 91 S. W., 254; Tremain v. Cohoes Co., 2 N. Y., 163, 51 Am. Dec., 284, 254; Hay v. Cohoes Co., 2 N. Y., 159, 51 Am. Dec., 279; Page v. Dempsey, 184 N. Y., 245, 77 N. E., 9; Kratzer v. Saratoga Springs, 8 App. Div., 613, 40 N. Y. Supp., 474; affirmed in 158 N. Y., 736, 53 N. E., 1127; Henry Hall Sons' Co. v. Sundstrom & S. Co., 138 App. Div., 548, 123 N. Y. Supp., 390; Carman v. Steubenville & I. R. Co., 4 Ohio St., 399; Tiffin v. McCormack, 34 Ohio St., 638, 32 Am. Rep., 408, 2 Mor. Min. Rep., 194.

Defendant insists that the above rule is based upon the sanctity which the ancient common law attached to the ownership and occupancy of real property, and especially to the sanctity which that law attached to one's dwelling house, which was deemed to be his castle, and does not apply to personal injuries unless the blasting is done in a situation where it is necessarily dangerous to the public, as in a thickly settled portion of a city. Thompson on Negligence, Section 764. In other words, defendant's position is that unless the blasting be done in a thickly populated city, no liability for personal injury arises unless there is negligence, as, for example, where care has not been taken to warn persons in the vicinity that the blast is about to be fired, in order that they might seek places of safety. As the accident did not happen in a thickly populated portion of the city and as ample warning of the blast was given, it is argued that the court not only erred in authorizing a recovery in the absence of negligence, but also erred in refusing a peremptory instruction in favor of defendant.

It is doubtless true that where a person is not injured in his own home, to which he has the right to go for protection, but is injured outside of his home, he must show either one of two things: that the blasting

was being carried on in a thickly populated portion of the
city (Munro v. Pacific Coast, &c. Co., 84 Cal., 515, 24
Pacific, 303), or, if elsewhere, that there was a failure
to give reasonable warning of the blast. Lexington &
Eastern Ry. Co., et al. v. Fields, 152 Ky., 19. But these
principles have no application to the facts in this case.
Here the blasting was done in such close proximity to
plaintiff's residence and other adjoining residences with
knowledge of the fact that these residences were occu-
pied, that a rock from one of the blasts was thrown into
plaintiff's residence and caused the injury. The, fact
that plaintiff's father was an employe of the coke com-
pany and rented the premises in question in no way
affects the case. It was plaintiff's home and his rights
are the same as if the property had been owned by his
father. As we view it, the sanctity with which the com-
mon law invests one's home is not confined merely to
the property itself. We are not, therefore, disposed to
take the narrow view that for trespasses resulting in in-
juries to one's property a recovery can be had, but no
liability attaches where the trespass results in injury
to one's person. In the case of Louisville Railway Com-
pany v. Sweeney, 157 Ky., 620, a street car operated
by the defendant left the track near plaintiff's house.
The car struck a telephone pole, which fell and struck
a gate. The gate was thrown against plaintiff and in-
jured her. Though the case was one involving injury
to the person, the court applied the rule applicable to
trespasses on property. In discussing the question the
court said:

"The plaintiff as the owner of her property was en-
titled to the undisputed possession of it. The entry of
the defendant upon it, either by its street car or by the
pole which it set in motion, was a trespass. One who
trespasses upon another and inflicts an injury is liable
for the injury unless caused by the act of God or pro-
duced by causes beyond his control. We have held that
one who is blasting throws rock or other debris upon the
land of another, is liable for injury done, irrespective
of whether the blasting was negligently done or not, as
there is in such a case an actual invasion of others prem-
ises and the act itself is a nuisance. The principle has
been applied to the pollution of air or the abstraction
of any portion of the soil, or the casting of anything
upon the land in other ways. (Langhorne v. Truman,

141 Ky., 809, Langhorn v. Wilson, 91 S. W., 254.) The same principle must apply here.''

The question of contributory negligence is eliminated from the case by the fact that plaintiff was an infant only four years of age and could not, therefore, be guilty of contributory negligence, and by the further fact that even if the child's mother was guilty of contributory negligence, such negligence, under the facts of this case, could not be attributed to plaintiff. Louisville & Nashville R. R. Co. v. Wilkins, Guardian, 143 Ky., 572; South Covington & Cincinnati St. Ry. Co. v. Herrklotz, By etc., 104 Ky., 400.

When the warning of the blast was given the mother and child had the right to seek the protection of their own home. While there they had the right to be secure not only in their property, but in their person. Defendant's act in causing the rock to be thrown into plaintiff's home and causing the injury was a direct trespass and therefore a nuisance. It follows that it was not necessary to show negligence in order to render defendant liable. The trial court, therefore, did not err in so instructing the jury, or in refusing the peremptory instruction asked by the defendant.

Judgment affirmed.