## Jackson v. Bank of Lockport.

(Decided June 1, 1911.)

### Appeal from Owen Circuit Court.

Garnishment—Process—Service—Jurisdiction—Venue—This suit was brought by the Bank of Lockport in Henry County against appellant and Owen County to garnishee any money that might be due appellant (defendant) by Owen County. Summons was served on appellant, Jackson, in Henry County, in which county he resided. He moved to quash the return on the summons, which was overruled. He then demurred to the jurisdiction and this plea being insufficient he declined to plead further. Held, on appeal that appellant was properly before the court upon the summons served on him in Owen County and for this reason we do not pass upon the question of the validity of the service upon him in Henry County.

BOTTS, PERRY & LINDSAY for appellant.

CHAS. STROTHER for appellee.

Opinion of the Court by Judge Lassing—Affirming.

The Bank of Lockport, in Henry County, Kentucky, instituted a suit against W. O. Jackson, in Owen County, Kentucky, and made Owen county a defendant, for the purpose of garnisheeing any money that might be due the defendant Jackson from said County. Jackson was a resident of Henry County, and a summons was served upon him in that county. He moved to quash the return on the summons. This motion was overruled. He then demurred to the jurisdiction of the court, and this being overruled he filed a plea to the jurisdiction. This plea being held insufficient, he declined to plead further. The garnishee, Owen County, answered and admitted certain indebtedness to its co-defendant.

On the day following the entry of the order holding the plea to the jurisdiction bad, plaintiff had an order entered continuing the case, and directed a summons to be issued for the defendant Jackson. This summons was executed upon him in Owen County. At the next term of the Owen Circuit Court a motion was entered by the defendant to quash the return upon this summons executed upon him in Owen County, for the reason that, at the time the service was had, he was attending court for the purpose of defending this suit, and filed in support of said motion his own affidavit. The plaintiff bank caused several counter-affidavits to be filed to the effect that, at the time the summons was issued and served upon the defendant, he had other business in the Owen Circuit Court to which he was giving his attention, and that he was not in Owen County for the sole purpose of defending this suit. Defendant thereupon filed an amended affidavit, in which he alleged that he was in Owen County for the sole purpose of defending this suit when the service was had upon him.

Upon considering these affidavits the court overruled the motion and refused to quash the return. There being no defense to the merits plaintiff was given judgment for the amount sued for. To test the correctness of this ruling the defendant Jackson appeals.

From the conclusion which we have reached it becomes unnecessary to pass upon the correctness of the Judge's ruling in refusing to quash the return upon the summons served in Henry County, and in holding the special demurrer and the plea to the jurisdiction insufficient. This is a transitory action, and, under Sec. 78 of

the Code, may be brought either in the county of the residence of the defendant or in any county in which he is summoned, provided, however, that he may not be summoned in any County other than that of his residence where he has gone for the sole purpose of defending the action. The action, therefore, was properly instituted in Owen County, and unless, at the time, service was had upon the defendant, he was in Owen County for the sole purpose of defending this suit, the ruling of the trial court must be upheld.

This raises a question of fact. Appellant insists that he was in the county for the sole purpose of defending the suit. Appellee bank urges that he was not, and in support of its contention files the affidavits of the Circuit Clerk, the Sheriff, and two attorneys practicing at the Owen bar, to the effect that he was employed in several important matters that were then being litigated in the Owen Circuit Court, and that during the term at which he was served with the summons in question several motions and orders were made and entered in these cases in which appellant was employed. Appellant says that his associate counsel, W. W. Dickerson, was depended upon by him to look after these matters, and had it not been for this suit he would not have gone to Owen County at that term of court.

These are matters that properly address themselves to the consideration of the Judge, and, in passing upon appellant's motion to quash the return on the summons he weighed the evidence offered by way of affidavit in support of each contention. We are not prepared to say that this finding upon this question of fact was not correct, and certainly it cannot be said that there was not evidence to support it.

The point is made that, as court was in session, the appellee had no right to have the summons issued for the appellant without an order of court. There is no merit in this contention for the reason that there is an order of court showing that an alias summons was directed to issue to Owen County, and the Judge signed this order along with other orders of the day so that, if he did not direct the issuing of the summons, he at least ratified and approved the act of the clerk in so doing.

We are of opinion that appellant was properly before the court upon a summons served upon him in Owen County, and for this reason we do not pass upon the question of the validity of the service had upon him in Henry County. Judgment affirmed.