## Kentucky Traction & Terminal Company v. Bain.

(Decided March 16, 1917.)

### Appeal from Franklin Circuit Court.

1. Street Railroads — Trespass — Personal Injuries. — Negligence.— Where a street car leaves the track and runs into plaintiff's house, partially demolishing the house and injuring her, a trespass is committed and she may recover without showing negligence on the part of the street car company.

2. Damages—When Verdict Will Not Be Set Aside as Excessive.— A verdict for $4,000.00 will not be set aside as excessive, where the evidence shows plaintiff to be 51 years of age, and strong, at the time of the accident, and by reason of the injuries she became an incurable sufferer from paralysis agitans.

RICHARD C. STOLL, GUY H. BRIGGS, WALLACE MUIR and WM. H. TOWNSEND for appellant.

LESLIE W. MORRIS for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This is the second appeal of this case. The opinion on the former appeal is found in vol. 161, Ky. 44, and is decisive of all the questions involved in this case ex-

cept: (1) Is the verdict sustained by the evidence; and,
(2) is the verdict and judgment for $4,000.00 excessive
in the light of the testimony?

The large typewritten volume of evidence contains
the testimony of more than thirty witnesses introduced
on behalf of the plaintiff, Mrs. Bain, and more than
twenty introduced by the defendant company.

It is thoroughly shown by the evidence of the plain-
tiff and her witnesses, that the motor car of the defend-
ant company left the track in Wilkinson street, and ran
into and demolished a part of her house in which she
was at the time, jarring, frustrating and exciting the
plaintiff. She was then 51 years of age, and according
to her evidence and that of the physicians and neighbors
who testified in her behalf, in reasonably good health,
and able to perform, not only the usual household duties,
but those necessary in carrying on her grocery business,
and such as required physical strength and endurance.
Her proof also tends to show both by physicians who
have examined her and by her neighbors and acquaint-
ances, that since the happening of the accident, she has
suffered a physical breakdown, due to a disease known
as paralysis agitans, commonly called "shaking palsy,"
which has destroyed her power to work, or to attend
to her business, and renders her a hopeless invalid.
Plaintiff claims she was not afflicted with this disease
before the accident, and that the jar and shock occas-
ioned thereby, produced it, and in this she is sustained
by a number of witnesses, including five physicians.
The physicians state a severe jar or shock such as plain-
tiff sustained in this accident is calculated to and may
produce paralysis agitans, and that this jar and shock,
did, in their judgment, produce plaintiff's trouble.

On the other hand the defendant company called a
number of witnesses to prove that prior to the accident
Mrs. Bain had suffered from a nervous disorder of the
nature of the one of which she now complains, but less
pronounced, and that in truth and in fact she was not
an able-bodied person before the happening of the acci-
dent. It also introduces evidence showing that Mrs.
Bain, immediately after the car struck the house, said
to some persons there that she was not injured and that
she, thereafter, continued to attend to her duties.

Upon the trial, the jury, under proper instructions
from the court, awarded the plaintiff, Mrs. Bain, $4,-

000.00 in damages.  Motion and grounds were filed for a new trial, and upon it being overruled, the company appeals, relying upon two grounds only, which are stated in its brief as follows:

First.  The verdict was not sustained by the evidence and was flagrantly against it.

Second.  The amount of the judgment is grossly excessive.  On the first trial the verdict for the personal injuries to Mrs. Bain was $2,000.00, but that judgment was reversed by this court for errors in the instructions.  It was there set out by this court in what particulars the instructions should be corrected and the circuit court carefully followed these directions.  Upon this appeal, no complaint whatever is made of the instructions given to the jury.

It is, however, earnestly insisted by counsel for the company that the evidence is not sufficient to sustain the verdict.  With this view, we cannot agree.  The evidence introduced by the plaintiff is entirely too long to incorporate in this opinion, but it clearly shows, that Mrs. Bain sustained a very severe shock to her person, and that the disease, paralysis agitans, resulted therefrom, and that it is incurable.  She was in her own home, at a place she had a right to be, and the company, in the management and operation of one of its heavy cars, ran into and wrecked her building and injured her in person.  Under the authority of the case of Louisville Railway Company v. Sweeney, 157 Ky. 622, the question of negligence on the part of the company must be eliminated.  In that case a woman was standing at or near her gate, on her own premises.  The street car operated along the street, by some mishap left the track, ran against a telephone pole, knocked the pole against her gate, and the gate struck the woman, injuring her severely.  This court in passing upon that case used this language:

"The plaintiff as the owner of her property was entitled to the undisputed possession of it.  The entry of the defendant upon it, either by its street car or by the pole which it set in motion, was a trespass.  One who trespasses upon another and inflicts an injury, is liable for the injury, unless caused by the act of God or produced by causes beyond its control.  We have held that one who in blasting throws rock or other debris upon the land of another, is liable for the injury done, irrespective of whether the blasting was negligently done

or not, as there is in such a case an actual invasion of another's premises, and the act itself is a nuisance. The same principle has been applied to the pollution of air or the abstraction of any portion of the soil, or the casting of anything upon the land in other ways. (Langhorne v. Turman, 141 Ky. 809; Langhorne v. Wilson, 91 S. W. 254, and cases cited). The same principle must apply here. The plaintiff while standing on her own premises was struck and injured by a force put in motion by the defendant, which knocked over the telephone pole, and threw it upon her gate, causing the gate to inflict a serious injury upon her. The act was a trespass. The defendant had a right to run its cars in the street, but it had no right to run them upon plaintiff's property. The doctrine of *res ipsa loquitur* in a case *of negligence has* no application. The defendant introduced no evidence to show that the occurrence happened from causes beyond its control, or by the act of God. In fact it did not undertake to explain the occurrence in any way. The court, therefore, properly instructed the jury to find for the plaintiff as above indicated."

Since the plaintiff suffered an injury at the hands of the defendant company, and the question of negligence or no negligence is removed, we are forced to the conclusion that the evidence sufficiently sustains the verdict.

Upon the second question, as to the excessiveness of the verdict, we have greater difficulty. The age of the plaintiff, and the evidence introduced by the defendant tending to show her diseased condition and nervousness before the happening of the accident are calculated to raise some doubt as to the propriety of a $4,000.00 verdict in the case. But, the evidence for the plaintiff strongly tends to sustain her theory and makes out an unusual case of debility superinduced by this accident. The doctors who testified, as well as many other witnesses, give convincing evidence that the injuries sustained are not only permanent and lasting, but almost render plaintiff incapable of performing any service, or of transacting any business. The jury heard the witnesses, and upon the questions where the evidence is conflicting, was the judge of the facts. It became a question of credibility, which is entirely within the province of the jury. In accepting the plaintiff's version of the accident and injury and relying upon the evidence introduced by her,

as true, the jury was fully warranted in returning a verdict for $4,000.00 damages. The evidence sufficiently supports the verdict and the extent of the injury considered, the verdict is not excessive.

For these reasons the judgment of the lower court is affirmed.