## Kentucky Traction & Terminal Company v. Grimes.

(Decided May 18, 1917.)

### Appeal from Franklin Circuit Court.

1.  Release—Requisites and Validity.—Settlements made with injured persons shortly after the accident, are not looked upon with favor by the courts, as usually the parties are not, under such circumstances, on an equality or dealing at arm's length.
2.  Street Railroads—Trespass—Negligence.—Where a street car left the track and ran into plaintiff's house injuring her, a trespass was committeed for which the plaintiff might recover without showing negligence upon the part of the street car company.

GUY H. BRIGGS and WALLACE MUIR for appellant.

J. P. HOBSON & SON and JAMES H. POLSGROVE for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

On the night of January 13, 1916, a car running on appellant's track on Wilkinson street, in Frankfort, left the track, ran into the house where appellee, Mary Grimes, was working, and injured her. She brought this action for physical injuries, and, having recovered a judgment for $500.00, subject to a credit of $50.00, the company prays an appeal.

A reversal is asked upon two grounds: first, that the verdict is not supported by the evidence; and, secondly, for errors of the trial court in instructing the jury.

1. The first ground is based upon the defense that on the same night that appellee was injured, she made a settlement with the company by which she accepted $50.00, in full satisfaction of her injuries.

The appellee is a colored woman sixty-two years old, and can neither read nor write. She was knocked down by the car; her hip was dislocated, and her knee seriously injured. As soon as the local manager was notified of the wreck, he sent the company's physician to Mary Grimes' residence for the purpose of examining her. Mary Grimes' daughter, Martha Payne, conducted the negotiations with the several agents of the company then present. Finally, some time before midnight of the same day, Martha Payne signed a release for $50.00, having her mother touch the pen in evidence of her signature to the receipt.

Mary Grimes testified, however, that she had made no settlement; and, she was so badly scared and hurt that she did not know what went on that night, although the company's doctor testified that she was in her right mind.

Martha Payne was introduced as a witness for the company, and testified that she made the settlement for her mother, without any authority to do so, and that her mother had nothing to do with it. Of course, if Mary Grimes made a *bona fide* settlement of her damages, while competent to do so, she cannot maintain this action.

Upon this issue the real question was her mental condition and her capacity to contract, at the time of the alleged compromise. There is no real controversy over the instruction given upon this issue; the company merely contends that it was entitled to a peremptory instruction, by reason of its settlement.

In Bramble v. C. F. L. & S. E. R. R. Co., 132 Ky. 547, the court said:

"The day after the accident settlements, made by corporation agents with injured employes, are not looked upon with favor by the courts. The transaction on its face has too often the appearance of overreaching and undue advantage. The parties are not on an

equality. They are not dealing at arm's length. An injured employe, confined to his bed, suffering with pain, unacquainted with the full extent of his injuries, and not knowing how long he will be incapacitated to labor, and frequently in urgent need of money to defray the necessary current expenses of himself and family, is not in a condition to cope intelligently with an adroit, experienced, and plausible claim agent.''

The $50.00 that was paid Mary Grimes on the night of her injury was tendered back to the company and refused, and was credited by the jury in its finding. There was ample evidence to take the case to the jury upon the issue of settlement, and the defendant's motion for a peremptory instruction was properly overruled.

2. The appellant asked the court to instruct the jury that it was the duty of the company to exercise ordinary care to keep its tracks and road bed in a reasonably safe condition for the operation of its cars thereon, and free from obstruction, and that its agents and servants should exercise ordinary care to discover the presence of obstructions on its track and to operate its cars at such a rate of speed as would keep them under reasonable control; and that, only in case the defendant's servants failed to exercise that degree of care followed by the injuries complained of as a direct result of their failure, should they find for the plaintiff.

This instruction offered by the company was substantially the same as the first instruction given in Kentucky Traction & Terminal Co. v. Bain, 144 Ky. 45. The court, however, refused to give this instruction, and in lieu thereof instructed the jury as in a case of trespass, that they should find for the plaintiff in case the street car left the track and ran into the house of the plaintiff, thereby injuring her; and disregarded the question of the negligence of the company's motorman.

Appellant insists that the instruction given by the court in this case is a departure from the rule laid down in the Bain case, supra, and that the court should have followed the instruction given in the Bain case by submitting to the jury the question of the motorman's negligence as the basis for plaintiff's recovery. The contrary rule, however, has been announced in I. C. R. R. Co. v. Watson, 117 Ky. 374; Louisville Ry. Co. v. Sweeney, 157 Ky. 620; Allegheny Coke Company v.

Massey, 163 Ky. 792; and upon the second appeal of the Bain case, reported in 174 Ky. 679.

In those cases it was held that the defendant's act in invading the plaintiff's premises and inflicting injury in so doing was a trespass, and that it was not necessary for the plaintiff to show negligence in order to recover.

The syllabus in the Sweeney case, *supra,* states the rule as follows:

"Where a street car leaves the track and knocks down a telephone pole standing on the side of the street against a person on his own premises, or the pole in falling knocks a gate against such person and injures her, a trespass is committed and she may recover without showing negligence on the part of the street car company."

Under that rule the question of negligence or no negligence is eliminated; it is a question of trespass only, and the court properly so ruled in this case.

The appeal is denied, and the judgment is affirmed.