Rockingham, ⟩
Dec. 7, 1926. ⟩

JOHN PUCHLOPEK, *Adm'r, v.* PORTSMOUTH POWER COMPANY.

A landowner is under no duty to anticipate the presence of, or to prevent injury to casual and unknown trespassers whose presence was not foreseeable.

An involuntary or accidental entry upon the land of another is not a trespass.

Certain evidence held to authorize a finding that the hand of a decedent infant involuntarily came in contact with the defendant's electric power line through a fence by the infant's accidentally slipping while lawfully passing along or occuping an alléy adjacent thereto.

A motion for a nonsuit raises only the question of the plaintiff's right to recover for the reasons therein assigned; hence on exception to the denial of the motion his right to recover cannot be attacked upon other grounds.

An exception to a nonsuit does not present the question whether the nonsuit should be granted because a verdict for the plaintiff would be against the weight of the evidence.

CASE, for negligence causing death. Trial by jury. A nonsuit was ordered on the ground that the decedent was a trespasser when killed, and the plaintiff excepted. The opinion states the material evidence. Transferred by *Sawyer*, C. J.

*F. Clyde Keefe* and *Murchie & Murchie* (*Mr. Alexander Murchie* orally), for the plaintiff.

*Sewall & Waldron* (*Mr. Sewall* orally), for the defendant.

ALLEN, J. The defendant maintained a transformer station at Newmarket on an electric power line. A picket fence enclosed the station. The pickets were nailed from the outside to two rails of two by four lumber. A wire carrying high voltage and fastened to the lower rail on the inside by insulators ran along the fence for some distance to a point where it was turned to a vertical direction and ran upwards as far as or above the upper rail. The fence where the wire was thus attached was on the line of an alley leading from a public highway to land lying between the station and a schoolhouse. The decedent was a schoolboy. On the day of the accident he went from the schoolhouse to the alley, where his arm entered between two pickets of the fence, and he thus came in contact with the live wire in its vertical position between the two rails.

The defendant's claim that because the decedent was a trespasser in the alley, he was not entitled to protection from its negligence, cannot be sustained. If he was a trespasser in reaching the alley, there was evidence of his rightful presence there in the testimony of a witness who claimed to own the alley and who testified that without objection from him or the previous owner children had for over twenty years habitually used the alley in going to and from school.

If the decedent was a trespasser in the alley, that did not make him one as to the defendant. But as the motion raises only the question of the plaintiff's right to go to the jury on its assigned grounds, not being general, it is unnecessary to consider the defendant's duty to trespassers, not on its own, but on adjoining premises. The decedent's rightful presence in the alley could be found, and the defendant's duty if he was a trespasser there, is a question not here and now presented.

If the decedent was a trespasser on the defendant's premises, it was in undertaking to commit a wrongful act injurious to the defendant, and there can be no recovery. As such a trespasser he was not "rightfully at the place where he was injured, doing what he had a legal right to do," nor was the situation "such that the defendants ought to have anticipated his presence in a place, where the continued conduct of their business might injure him, in season by reasonable conduct to have prevented such injury'," *Lambert* v. *Company*, 80 N. H. 126, 128. There is no duty to "casual and unknown" trespassers. *McCaffrey* v. *Company*, 80 N. H. 45, 51. The record is entirely void of evidence tending to show that the defendant should have foreseen such conduct of the decedent so as to require it to guard him in the depredation upon its property or to obstruct his undertaking to that end.

But the evidence was at best inconclusive, and therefore for the jury, in respect to the defendant's claim that the decedent was a trespasser in that his purpose in going to the alley was to get a piece of wire and that he put his hand in between the pickets to reach and take away the wire which he took hold of, not knowing that it was charged and dangerous. There was also sufficient evidence to authorize a finding either that his only purpose in going to the alley was to use it as a part of his course in going from the schoolhouse to the highway as his ultimate destination, or that if he sought a piece of wire, it was in the discarded material placed in the alley by the defendant, and a finding that in carrying out either purpose he slipped and his arm went in between the pickets involuntarily.

Such an involuntary intrusion could not be regarded as a trespass. Whatever the technical and precise definition of a trespass, making it broad enough to include the conduct of infants (*Milton School District* v. *Bragdon*, 23 N. H. 507, 516) and of insane persons (*Jewell* v. *Colby*, 66 N. H. 399), the essential element of force, expressed in the phrase *vi et armis*, is lacking in such an entrance on another's premises. If the decedent slipped and fell towards the fence, it was a case of force exerted by accident on him and not of force exerted by him. *Brown* v. *Collins*, 53 N. H. 442, 451.

The ground of the motion that the nonsuit should be granted because it would be against the weight of evidence to give the plaintiff a verdict does not require discussion, if relied upon. See *Bennett* v. *Larose*, *post*, 443.

*Exception sustained.*

All concurred.