## Consolidated Fuel Company v. Stevens.

(Decided February 17, 1928.)

### Appeal from Letcher Circuit Court.

1. Trespass.—In action for personal injuries sustained when slate car owned by defendant mining company ran uncontrolled down incline, and slate was thrown into house where plaintiff had rented room, injuring her, allegation or proof of negligence held unnecessary, since the case was one of trespass, and hence it was not necessary to submit any negligence issue to jury, and defendant was not entitled to peremptory instruction because plaintiff had failed to prove negligence.

2. Appeal and Error.—On complaint by defendant of trial court's refusal to grant continuance, where judgment recited that defend-

ant was permitted to read affidavit of absent witness as deposition, appellate court assumed permission had been granted, nothing to contrary appearing in record, although the order overruling the motion for a continuance did not state that court permitted the affidavit to be read.

3. Appeal and Error.—Where defendant on appeal claimed error because court refused to grant continuance, and it appeared that he was granted permission to read affidavit of absent witness in support of motion, setting out what absent witness would testify, if present, he cannot complain because he failed to do so.

4. Appeal and Error.—Party complaining of trial court's refusal to grant continuance must show that motion was overruled in face of a refusal by the adverse party to consent that affidavit of absent witness be read as deposition, or that appellant offered to read the affidavit and trial court refused permission.

5. Damages.—$2,000 held not excessive damages for injuries to leg and abdomen of pregnant woman, resulting in highly nervous condition, loss of weight, and inability to do work, which condition doctor testified would be of limited, but uncertain, duration.

D. I. DAY for appellant.

HAWK & LEWIS for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

In this action to recover for personal injuries the appellee was awarded a judgment of $2,000. The appellant appeals.

At the time of the accident in question the appellee was living with her sister and brother-in-law in a house they had rented from the appellant. According to the evidence in this case, the appellee and her husband had sub-rented a room in this house from her sister and brother-in-law. The appellee was in this room at the time of the accident out of which this action arose. The house in question was located on the appellant's property, and was situated at the foot of a mountain, up which ran an incline. There were two railroad tracks on this incline. On one of these tracks, the coal which came out of the mine near the top of the mountain was lowered to the tipples. On the other track supplies were hauled up for the mine. At the top of the incline was a switch. When cars came out of the mine loaded with slate they were shunted by means of this switch onto a track which led around the side of the mountain to a slate dump.

On January 1, 1926, some slate cars came out of the mines, and one of them, instead of going around the side

of the mountain as it should, somehow or other got on the incline, and, being uncontrolled, came down the incline on the supply track at a very great rate of speed. When it reached the bottom, it ran off the track and towards the house in which the appellee was living. The car seems to have stopped before it reached the house, but the slate with which it was loaded was thrown through the windows and walls of the house, tearing big holes in the walls. Two pieces of slate, each of them as large as a spittoon, hit the appellee, one on the leg and the other in the pit of the stomach. At that time she was pregnant. The evidence shows that the piece which hit her upon the leg did not break the skin, but the contusion was quite severe. The leg became much swollen, turned black and remained in this condition for several days. The evidence shows that this leg has gotten well, but the testimony of the attending physician who was in the employ of the appellant is to the effect that the appellee was thrown into a highly nervous condition by reason of the accident and her injuries, and that more than a year after the accident she was still in such condition. The evidence shows without contradiction that appellee has lost a great deal of weight, is unable to do her work, and the attending doctor says that, although she will ultimately recover, it is impossible to state how long it will take her to do so.

For reversal, appellant insists, first, that it was entitled to a peremptory instruction because the appellee failed to show that the accident was due to any negligence on its part. It was unnecessary for the appellee to allege or prove negligence as this was a case of trespass. In the case of Kentucky Traction & Terminal Co. v. Grimes, 175 Ky. 694, 194 S. W. 1048, a street car left the tracks, and ran across and into the house where Mary Grimes was working, and injured her. In sustaining a recovery for these injuries over the contention of the traction company that no negligence was shown on its part, we said that the traction company's act in invading the premises of Mary Grimes and inflicting injury in so doing was a trespass, and that it was not necessary to show negligence on the part of the traction company in order for her to recover. Kentucky Traction & Terminal Co. v. Bain, 174 Ky. 679, 192 S. W. 656, L. R. A. 1917D, 813, and Louisville Railway Co. v. Sweeney, 157 Ky. 620, 163 S. W. 739, were exactly similar cases, and the same rule was applied. Alleghany Coke Co. v. Massey, 163

Ky. 792, 174 S. W. 499, while not similar in its facts, involved the same principle, and it was followed. It results that the appellant was not entitled to a peremptory instruction. It also results that its complaint of the instructions given is, too, without merit, since that complaint is rested on the ground that the court did not submit the question of negligence to the jury. It was not necessary for the court so to do.

It is next contended that the appellant was entitled to a continuance because of absent witnesses. While the order overruling the motion for a continuance does not state that the affidavit filed in support of that motion and setting out what the absent witnesses would testify, if present, was permitted to be read by the court as the depositions of the absent witnesses, yet the judgment so recites, and there is nothing in the record to contradict that statement. It therefore must be taken that the appellant was given the right to read these affidavits, and, if it failed to do so, it cannot now complain. Further, it is now settled as a question of practice that, where a party desires to complain in this court of a refusal by the trial court to grant him a continuance because of absent witnesses, the record must affirmatively show that the trial court overruled the motion for a continuance in the face of a refusal by the adverse party to consent that the affidavit in support of such motion and setting out that to which the absent witness would testify, if present, be read as the deposition of the absent witness, or must show that the party offered to read the affidavit as such, and that the trial court refused to permit him to do so. Adams v. Commonwealth, 212 Ky. 334, 279 S. W. 332. The record in this case fails to show either of these requisites. There is, then, no merit in this contention of appellant.

It is lastly argued that the judgment is excessive. While it is liberal, we cannot say, under the evidence in this case concerning the extent of the appellee's injuries and their probable duration, that the verdict is excessive within the rule requiring a reversal for excessive verdicts.

Judgment affirmed.