WILLIAM J. OLIVER, an Infant, by MARY A. EDWARDS, His Guardian ad Litem, et al., Respondents, *v.* LEON P. BEREANO et al., Defendants, and SOCONY-VACUUM OIL COMPANY, INCORPORATED, Defendant-Appellant.

First Department, May 12, 1944.

*Archie O. Dawson* of counsel (*John J. Manning*, attorney), for appellant.

*Edmond B. Butler* of counsel (*Verne R. Foley, John W. Simpson, 2nd,* and *Raymond D. O'Connell* with him on the brief; *Verne R. Foley* and *John W. Simpson, 2nd,* attorneys), for respondents.

CALLAHAN, J. Within a few hours after an automobile had been taken from a repair station operated by appellant, it ran upon a sidewalk and grievously injured the infant plaintiff. The evidence showed that. the accident happened when there was a failure of the foot brake as the car was descending a sharply graded street in the city of New York. The trial court submitted to the jury the question of the scope of the contract for the repair work done on the car, as well as questions as to the proximate cause of the accident. If the failure of the foot brake had been the sole possible proximate cause of the accident, there might be some question as to whether the evidence warranted a finding that appellant had contracted to repair that part of the car, or was responsible for its condition. However, there was further evidence from which the jury might have found that, when the foot brake failed, the operator of the car had attempted to shift gears into a lower speed, but the gear " stuck " and could not be shifted. We deem it was within the province of the jury to find that such shifting of gears might have aided the operator in retaining control of the car on the hill. There are some matters of such common knowledge concerning the mechanical effect of various steps taken in the operation of automobiles that we deem that notice may be taken of them without explicit proof thereof. If inability to shift gears was. due to improper repair of the car, it was for the jury to say whether appellant's negligence was a producing cause of the accident.

There is no doubt that the contract of repair required the appellant to fix the transmission, which was a part of the car connected with the mechanism used in shifting gears. There was evidence that this mechanism worked improperly after leaving the repair station. As indicated, there was evidence

that as the car began to descend the hill the gearshift " stuck " and the operator could not change to a lower gear. We think that these occurrences, immediately after the making of the repairs, warranted findings that this condition was a result of appellant's negligence in repairing the transmission, and that such negligence was a proximate cause of the accident.

As the submission to the jury of the issue of negligence based on the alleged lack of proper repair of the transmission was justified, and as no exception was taken to the court's charge with respect to the submission of the other theories of negligence advanced by plaintiffs, we find no reversible error.

Appellant further contends that the verdicts were excessive. We find that the award to the mother for loss of services appears to exceed the amount of damage established. The judgment in favor of the mother will be reversed unless she stipulates to reduce it to $7,500.

The judgment as to the infant plaintiff should be affirmed; the judgment in favor of plaintiff Mary A. Edwards for $12,500 should be reversed and a new trial ordered as to said plaintiff, with costs to the appellant to abide the event, unless said plaintiff stipulates to reduce the judgment as entered in her favor to $7,500, in which event the judgment as so modified is affirmed, without costs.

MARTIN, P. J. (dissenting). I dissent and vote to reverse and dismiss the complaint as to the defendant-appellant.

The defendant-appellant may be charged with responsibility for the accident only if it is established that repairs were negligently made. On the testimony of the defendant Philip L. Bereano the jury was permitted to speculate as to the cause of the failure of his automobile to respond to his efforts to control it. The proof that the brakes and transmission were responsive immediately following the accident cannot be reconciled with a claim of negligent repair.

UNTERMYER, DORE and COHN, JJ., concur with CALLAHAN, J.; MARTIN, P. J., dissents in opinion and votes to reverse and dismiss the complaint as to the defendant-appellant.

Judgment as to the infant plaintiff affirmed; the judgment in favor of plaintiff Mary A. Edwards for $12,500 reversed and a new trial ordered as to said plaintiff, with costs to the appellant to abide the event, unless said plaintiff stipulates to reduce the judgment as entered in her favor to $7,500, in which event the judgment as so modified is affirmed, without costs. Settle order on notice.