Elwin "Pete" RANDALL, Appellant,

v.

Amanda SHELTON, Appellee.

Court of Appeals of Kentucky.

June 1, 1956.

Rehearing Denied Oct. 5, 1956.

Wm. A. Hamm, Boyd F. Taylor, Jr., Brown & Bird, London, R. Lee Brown, Williamsburg, for appellant.

L. O. Siler, Joe Feather, Williamsburg, for appellee.

CLAY, Commissioner.

Plaintiff appellee recovered a $6,000 judgment against defendant appellant for injuries sustained when she was struck by a stone allegedly thrown from the roadway by one of defendant's trucks. The case was submitted to the jury on both the theory of negligence and that of trespass.

Defendant contends he was entitled to a directed verdict, principally on the ground that plaintiff failed to prove the truck involved was owned by the defendant or was operated by one of his employees acting in the scope of his employment. Also defendant contends the instructions were erroneous in submitting the issues of negligence and trespass.

The plaintiff lives on state highway 92 in Whitley County. On the morning of the accident she was returning to her home from a trip across the highway. According to her proof, when she was in her front yard a red dual wheeled truck passed. As it did so, she stated:

"It throwed the rock out and hit me and broke my leg."

Her mother testified:

"I seed the rock come out of them double wheeled red cab truck across the road where she was in the edge of the yard and hit her on the leg and she fell."

An attempt was made to identify a large rock as the one which struck the plaintiff, it being found some time later by a neighbor and filed with the record on appeal.

The evidence as to the identity of the truck was somewhat indecisive. Assuming, however, without deciding, that the truck was adequately identified as defendant's, there was no proof whatever of any negligence upon the part of the truck driver. All that was shown was that a rock was thrown from the wheels of the truck as it passed. Plaintiff argues that it could reasonably be inferred that the rock had been wedged between the dual wheels; that this condition had existed for such a length of time that the driver must have known of it; and that he was negligent in operating a vehicle under those circumstances. The difficulty with plaintiff's theory is that it is pure speculation, and assumes certain basic facts. A verdict may not be based on conjecture. McAtee v. Holland Furnace Co., Ky., 252 S.W.2d 427. We cannot find any substantial evidence of negligence, and as will be discussed later in this opinion, the doctrine of res ipsa loquitur does not apply. See Bowling Green-Hopkinsville Bus Co. v. Edwards, 248 Ky. 684, 59 S.W.2d 584.

The next question is whether or not, assuming the defendant's truck cast a stone upon the premises of the plaintiff, thereby causing her personal injury, the act constituted a trespass for which the defendant would be absolutely liable regardless of negligence. The question is of particular importance in this case because there was a material issue of fact as to whether or not the plaintiff was on her own premises at the time of the injury. For the purposes of our discussion we will assume that she was.

In Kentucky we have recognized in certain types of cases that liability exists for a non-negligent trespass upon the land of another. For example, the rule is applied where the defendant engages in the *extrahazardous* activity of blasting and injures another's property. Langhorne v. Turman, 141 Ky. 809, 133 S.W. 1008, 34 L.R.A.,N.S., 211. The theory that a blasting operation ipso facto creates liability has been invoked where a person is injured on his home premises. Allegheny Coke Co. v. Massey, 163 Ky. 792, 174 S.W. 499. This concept has

been further extended to a person standing on a public street. Louisville & N. R. Co. v. Smith's Adm'r, 203 Ky. 513, 263 S.W. 29, 35 A.L.R. 1238. In the opinion it was stated the defendant was liable for the "wrongful trespass" committed against the person.

The rule deducible from the above decisions is that blasting is an extra-hazardous activity for which liability is imposed regardless of negligence and regardless of whether or not the injury arises from an actual trespass to land.

Another line of cases relates to damage caused by the release of impounded water. In Winchester Water Works Co. v. Holliday, 241 Ky. 762, 45 S.W.2d 9, the defendant had erected flash boards on its dam, which would wash out under flooding conditions. The escaping water injured the plaintiff. The court held there was liability because the trespass was caused by the *intentional* acts of the defendant. In Shell v Town of Evarts, 296 Ky. 602, 178 S.W.2d 32, defendant's reservoir burst and the overflowing water damaged plaintiff's property. It was there pointed out that the doctrine of Rylands v. Fletcher, 3 H.L. 330, has been expressly rejected in Kentucky and the liability of the defendant arose from the *negligent* construction of the reservoir.

In the foregoing cases liability without negligence was imposed only when the defendant (1) was engaged in an extra-hazardous activity, or, (2) committed an intentional trespass. By some strange course of the law, in Kentucky we seem to have created a third class of cases which recognize an absolute liability where neither of these factors is present. Though the doctrine of Rylands v. Fletcher, 3 H.L. 330, has been specifically rejected with respect to damage to land, we have inadvertently readopted it in cases of personal injury caused by a carrier vehicle which leaves the tracks upon which it is designed to run. Louisville Ry. Co. v. Sweeney, 157 Ky. 620, 163 S.W. 739; Kentucky Traction & Terminal Co. v. Bain, 174 Ky. 679, 192 S.W. 656, L.R.A. 1917D, 813; Kentucky Traction & Terminal Co. v. Grimes, 175 Ky. 694, 194 S.W. 1048;

Consolidated Fuel Co. v. Stevens, 223 Ky. 192, 3 S.W.2d 203.

The Sweeney case (first of the series just cited) is a leading one, and the rationale of the opinion is that this character of trespass is the same as that of the blasting cases. We do not think the analogy is justified. A clear distinction may be drawn between the extra-hazardous activity of blasting and the operation of a vehicle upon tracks. In the former the very operation itself is, and is known and recognized to be, inherently dangerous at its inception. Not so, the operation of a streetcar. We are further of the opinion that in the cases last above cited the same result would have been reached had the doctrine of res ipsa loquitur been applied, which of course involves the issue of negligence.

The confusion of legal theories in this type of case is indicated by Happy Coal Co. v. Smith, 229 Ky. 716, 17 S.W.2d 1008. There the defendant was moving a large spool of wire up a steep hill on a sled. The wire slipped from the sled, rolled down a hill and into plaintiff's home, causing personal injuries. The court held that this was a case of trespass and that there was liability without negligence. However, the opinion points out that the defendant had control of the instrumentality; that it would not have slipped from the sled had it been securely fastened; and concluded that this was "a case for the jury". If this was a case of absolute liability, what could the jury decide but the amount of damages? In essence the true decision was that the res ipsa loquitur doctrine applied, and the presumption of negligence created the liability.

It is difficult to fit the doctrine of the streetcar cases into the general law of trespass as recognized in Kentucky. They really create a new field of absolute liability. They seek to solve the problem by simply describing a particular act as a "trespass", overlooking the fact there may be a trespass without liability. The nature of the act, not its name, is the controlling consideration. In the blasting cases the extra-

hazardous aspect of the activity imposes upon the actor an absolute responsibility for injuries which must be anticipated. In the water cases, which do not involve an extra-hazardous activity, our rule is that unless the act causing injury is intentional, liability exists only for negligence. Clearly the streetcar cases are more closely akin to the water cases than the blasting cases.

In other jurisdictions the principle is recognized that unless a trespass is either intentional or negligent, no liability attaches. Parrot v. Wells, Fargo & Co., 15 Wall. 524, 21 L.Ed. 206, 209; Phillips v. Sun Oil Co., 307 N.Y. 328, 121 N.E.2d 249; Puchlopek v. Portsmouth Power Co., 82 N.H. 440, 136 A. 259; Brown v. Collins, 53 N.H. 442, 16 Am.Rep. 372; Durst v. Wareham, 132 Kan. 785, 297 P. 675; Edgarton v. H. P. Welch Co., 321 Mass. 603, 74 N.E.2d 674, 174 A.L.R. 462; Feiges v. Racine Dry Goods Co., 231 Wis. 270, 285 N.W. 799, 122 A.L.R. 272. See Prosser on Torts (2nd Ed.) Section 13; Jerimiah Smith, Tort and Absolute Liability, 30 Harv.L.Rev. 319.

The rule is thus stated in Restatement of the Law of Torts, Section 166:

> "Except where the actor is engaged in an extra-hazardous activity, an unintentional and non-negligent entry on land in the possession of another or causing a thing or third person to enter the land, does not subject the actor to liability to the possessor, even though the entry causes harm to the possessor or to a thing or third person in whose security the possessor has a legally protected interest."

In Jewell v. Dell, Ky., 284 S.W.2d 92, we recognized the trend of modern authority to the effect that an unintended entry or intrusion upon property in possession of another does not constitute actionable trespass. We declined to apply the streetcar case rule although the facts brought the case squarely within its scope.

An attempt in this case to apply a strict rule of liability based upon a concept of trespass to land would lead to an incongruous result. The plaintiff contends that she had walked into her front yard from the roadway. The defendant contends she was not on her property. To say that she could recover for her injuries if she was in her yard but could not recover if she was one step outside of it is a patent absurdity. Plaintiff is entitled to protection from wrongful injury wherever she may lawfully be, and the true question presented is whether or not the defendant committed a culpable act, not plaintiff's geographical location.

To further point up the absurdity of the situation, suppose the plaintiff had been in her front yard talking to a neighbor and the stone had struck both. Assuming no negligence, would there be any logic in ruling that the plaintiff could recover and the neighbor could not?

The trespass theory of the street railway cases is disapproved, and so far as they are inconsistent with this opinion, they are expressly overruled.

Since this was a case in which there was not an intentional trespass and not an extra-hazardous activity, we are of the opinion that plaintiff could not recover in the absence of a showing of negligence. As before stated, there was no such showing. The plaintiff might still succeed if this was a case for the application of the doctrine of res ipsa loquitur (which we have indicated might well have been applied in the streetcar cases). That rule simply is that where the defendant has exclusive control of the instrumentality causing the injury and in the ordinary course of events the accident would not have happened without the negligence of the defendant, then negligence will be presumed. See Wallace v. Norris, 310 Ky. 424, 220 S.W.2d 967. This is not such a case. Assuming defendant had control of the truck which caused the stone to be thrown from the highway, such an occurrence would not in the ordinary course of events indicate negligence in the operation of the vehicle. See Bowling Green-Hopkinsville Bus Co. v. Edwards, 248 Ky. 684, 59 S.W.2d 584; Burkes v. Lieberman, 218 App.Div. 600, 218 N.Y.S. 593.

On the record we are of the opinion that a verdict should have been directed for the defendant on the ground that the right of recovery must be based on proof of negligence, and negligence was not proven. Defendant's motion for judgment notwithstanding the verdict should have been sustained. We may point out that the trespass question which we have discussed, though raised, was not adequately presented to the trial court.

The judgment is reversed with directions to enter judgment for the defendant.